UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIGUEL SUQUET,

                 Plaintiff,

   v.                                        Case No. 15-CV-325

GREEN BAY POLICE DEPARTMENT,

                 Defendant.

---

## ORDER

---

Plaintiff Miguel Suquet has brought an action under 42 U.S.C. § 1983 against the Green Bay Policy Department. He has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit and the complaint reveals that Plaintiff is presently homeless with no income other than disability compensation. Based on Plaintiff's affidavit of indigence, the Court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he purpose of Rule 8 is to provide a defendant with fair notice of the claims against him." *Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir.2006). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff has provided very little information as to what happened to him. He alleges "pure police brutality" when police failed to "stud[y] the crime seen [sic] and tak[e] action[,]" without further explanation, and that police "literally beat[] [Plaintiff] and dislocat[ed] [his] arm." (ECF No. 1 at 3.) Ordinarily, even a *pro se* litigant must provide basic factual information such as when the incident occurred and where, and to the best of the pleader's knowledge, who injured him. On the other hand, the allegation that police beat the plaintiff and dislocated his arm might be sufficient to satisfy notice pleading in certain circumstances.

Plaintiff has also enclosed a CD-R with the complaint. The complaint states, without more, that the video shows the alleged police brutality. The Seventh Circuit has held that it is proper for the district court to review a video attached to a complaint in deciding whether a complaint states a claim for relief, reasoning that the video should be treated for pleading purposes like a contract attached to a complaint. *See Bogie v. Rosenbery*, 705 F.3d 603, 608–09 (7th Cir. 2013) ("[I]t makes 'eminently good sense' to apply [principles applicable to appended documents] to video recordings attached to or referenced in a complaint[.]").

3

The court has thus reviewed the video and it does not appear to show any police brutality. It shows security footage from a convenience store. A time just before midnight and the date November 24, 2012 is shown on the video, presumably when the incident occurred. It shows a man, presumably the plaintiff, who is brought to the ground by the store clerk and another individual after the man had entered the area behind the counter of the store. The video has no sound, but it appears the man was attempting to rob the convenience store because he is withdrawing money from the cash register just before the clerk hits him with a baseball bat and the man is taken down. The police arrive on the scene a few minutes later and relieve the citizens in restraining the man. A few minutes after police arrive, the man is brought to his feet and taken out of the view of the security camera.

In light of the video, Plaintiff's conclusory allegation of police brutality and a dislocated shoulder, without any indication of where the incident occurred or how he was injured, is insufficient to state a claim. Given what appears to be officers responding to an attempted robbery and a physical altercation, the responding officers' actions appear entirely reasonable. It should be noted, however, that the video does not conclusively rule out the possibility that police used excessive force in restraining and apprehending the man. It is a low quality video that essentially shows frame-by-frame still shots at a rate of about one image per second. There is a brief stretch of a few minutes in which several officers are huddled over the man on the floor and the nature and extent of the officers' contact with the man is not clear.

Accordingly, the complaint will be dismissed for failure to state a claim but the Plaintiff will be granted leave to amend the complaint. If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. To do so, Plaintiff must state the basic facts setting forth the name of the defendant or defendants, what each defendant

actually did to him that he thinks amounts to excessive force, when it occurred, and where. If Plaintiff does not know the names of the officers and is unable to find out their names, he may use a fictitious name, like John Doe # 1 and John Doe #2, for now, with the understanding that once the identity is known, the complaint can be amended. Plaintiff must file such an amended complaint on or before May 15, 2015. Failure to file an amended complaint within this time period will result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **May 15, 2015**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

Dated this  2nd  day of April, 2015.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

5